**Place of hearing:** FCI Ray Brook, New York  **Docket number:** 8:24-MJ-269 (GLF)

**Date:** June 6, 2024  **Prisoner Register No:** 07902-104  **DOJ#:** 236539-03-4-4263-F

## VERIFICATION OF CONSENT TO TRANSFER TO CANADA FOR EXECUTION OF PENAL SENTENCE OF THE UNITED STATES OF AMERICA

I, Ravindranauth Roopnarine, having been duly sworn by a verifying officer appointed under the laws of the United States of America, certify that I understand and agree, in consenting to transfer to Canada for the execution of the penal sentence imposed on me by a court of the United States, or a state thereof, that:

1. My conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America;

2. My sentence will be carried out according to the laws of Canada;

3. If a court of Canada should determine upon a proceeding brought by me or on my behalf that my transfer was not accomplished in accordance with the treaty or laws of Canada, I may be returned to the United States of America for the purpose of completing my sentence if the United States of America requests my return; and,

4. Once my consent to transfer is verified by the verifying officer, I may not revoke that consent.

I have been advised of my right to consult with counsel, and have been afforded the opportunity for such consultation prior to giving my consent to transfer. I have been advised that if I am financially unable to obtain counsel, one would be appointed for me under the laws of the United States of America free of charge. My consent to transfer is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements. I hereby consent to my transfer to Canada for the execution of the penal sentence imposed on me by a court of the United States of America, or a state thereof.

_____
Signature of transferring prisoner

Subscribed before me this 6th day of June 2024. Based on the proceedings conducted before me, I find that the above consent was knowingly and understandingly given and is wholly voluntary and not the result of any promises, threats, coercion or other improper inducements.

_____
Verifying Officer

Gary L. Favro, U.S. Magistrate Judge, N.D.N.Y
Print name and office

 **Correctional Service** **Service correctionnel**
Canada                    Canada

Your file   Votre référence

Our file   Notre référence
1820-3-ROOPNARINE_Ravindrananauth

2024-01-29

Amy Chang Lee, Associate Director
International Prisoner Transfer Unit
Office of International Affairs
Criminal Division
United States Department of Justice
1301 NEW YORK AVE NW, 10th FLOOR
WASHINGTON DC  20530
USA

Dear Ms. Lee:

### RE: ROOPNARINE, Ravindranauht, Reg. No. 07902-104
### FMC Devens, Ayer, Massachusetts
### Request for Transfer to Canada

After careful consideration, the Minister of Public Safety, Democratic Institutions, and Intergovernmental Affairs, the Honourable Dominic LeBlanc, has approved the transfer from the United States of Mr. Roopnarine, incarcerated at the Federal Medical Center Devens in Ayer, Massachusetts, pursuant to the *Convention on the Transfer of Sentenced Persons*.

Thank you for your cooperation in this matter.

Sincerely,

Digitally signed by
Lafontaine, Johanne
Date: 2024.01.29
08:18:10 -05'00'

Johanne Lafontaine
A/Manager, Transfers Unit
Correctional Service of Canada
340 LAURIER AVE W
OTTAWA ON  K1A 0P9
CANADA
Tel.: 613-947-9708
E-mail: internationaltransfers@csc-scc.gc.ca

c.c.:   Consular Section, Consulate General of Canada, Boston, MA

Hélène Bouchard, Embassy of Canada, Washington, DC

Canada



**U.S. Department of Justice**

Criminal Division

---

*Office of International Affairs*     Washington, D.C. 20530

May 19, 2021

Dan Kunic, Director
Population Management and Transfers Division
Security Branch
Correctional Service of Canada
340 Laurier Avenue West
Ottawa, Ontario K1A 0P9
Canada

      Re:    Ravindranauth Roopnarine, Reg. No. 07902-104
             a/k/a: Ravindranaut Roopnarine
             Denial of Request to Transfer to Canada

Dear Mr. Kunic:

      On May 17, 2021, the United States denied the request of the above-referenced prisoner to transfer to Canada. The United States denied the transfer application because the prisoner has a pending appeal or collateral attack. The prisoner is currently incarcerated at the Devens Federal Medical Center, Ayer, Massachusetts.

      There is no administrative appeal from this decision; however the United States will reconsider this transfer request in the near future if it receives credible information that the impediments to transfer have been removed.

                                Sincerely,

                                Vaughn A. Ary
                                Director

                        *Paula A Wolff /nyg*

               By:   Paula A. Wolff
                        Associate Director

cc:   Hélène Bouchard, Embassy of Canada, Washington, D.C.
      Jamey Koehn, Federal Bureau of Prisons, Washington, D.C.
      Ravindranaut Roopnarine

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case — Page 1 of 6

# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Fort Pierce Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| RAVINDRANAUTH ROOPNARINE | Case Number: 10-14096-CR-MARTINEZ<br>USM Number: 07902-104<br><br>Counsel For Defendant: Randee Golder<br>Counsel For The United States: Theodore Cooperstein<br>Court Reporter: William Romanishin |

**The defendant was found guilty on count(s) 1, 3 and 6 of the Indictment.**

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C.§ 1349 | conspiracy to commit wire and mail fraud | 01/11/2009 | 1 |
| 18 U.S.C.§ 1343 | wire fraud | 01/19/2009 | 3 |
| 18 U.S.C.§ 1341 | mail fraud | 01/19/2009 | 6 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: 7/14/2016

_____
Jose E. Martinez
United States District Judge

Date: 7/15/16

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                    Page 2 of 6

DEFENDANT: RAVINDRANAUTH ROOPNARINE
CASE NUMBER: 10-14096-CR-MARTINEZ

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 262 months as to Counts One, Three and Six, to be served concurrently.

**The defendant is remanded to the custody of the United States Marshal.**

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                                 Page 3 of 6

**DEFENDANT: RAVINDRANAUTH ROOPNARINE**
**CASE NUMBER: 10-14096-CR-MARTINEZ**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years as to Counts One, Three and Six, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: RAVINDRANAUTH ROOPNARINE
CASE NUMBER: 10-14096-CR-MARTINEZ

### SPECIAL CONDITIONS OF SUPERVISION

**Association Restriction** - The defendant is prohibited from associating with the defendants listed in the instant offense and the co-conspirators charged in Docket Nos. 2:10CR14075, 2:11CR14059 and 2:11CR14060 while on supervised release.

**Financial Disclosure Requirement** - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**No New Debt Restriction** - The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Self-Employment Restriction** - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

**Surrendering to Immigration for Removal After Imprisonment** - At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. If removed, the defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of supervised release, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                           Page 5 of 6

**DEFENDANT: RAVINDRANAUTH ROOPNARINE**
**CASE NUMBER: 10-14096-CR-MARTINEZ**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $300.00 | $0.00 | $9,041,133.46 |

The defendant must make restitution (including community restitution) to the attached list of payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| NAME OF PAYEE | TOTAL LOSS* | RESTITUTION ORDERED | PRIORITY OR PERCENTAGE |
|---|---|---|---|
| SEE VICTIMS LIST | $0.00 | $9,041,133.46 | |

**Restitution with Imprisonment** - It is further ordered that the defendant shall pay joint and several restitution in the instant offense totaling $9,041,133.46 ($2,040,343.14 of which is joint and several with Bhardwaaj Seecharan and Linda Rovetto) and ($9,041,133.46 of which is joint and several with Gergawattie Seecharan). During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order.

Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government, and subsequently the U.S. Probation Office from using any other anticipated or unexpected financial gains, assets or income of the defendant to satisfy the restitution obligations. The restitution shall be made payable to Clerk, United States Courts, and forwarded to the address below.

The restitution will be forwarded by the Clerk of the Court to the victims on the attached list.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Assessment due immediately unless otherwise ordered by the Court.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                                                                Page 6 of 6

**DEFENDANT: RAVINDRANAUTH ROOPNARINE**
**CASE NUMBER: 10-14096-CR-MARTINEZ**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A. Lump sum payment of $300.00 due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

This assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 NORTH MIAMI AVENUE, ROOM 08N09**
**MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

**Joint and Several**

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| CASE NUMBER DEFENDANT AND CO-DEFENDANT NAMES (INCLUDING DEFENDANT NUMBER) | TOTAL AMOUNT | JOINT AND SEVERAL AMOUNT |
|---|---|---|
| 10-14096-CR-MARTINEZ-Bhardwaaj Seecharan and Linda Rovetto | $0.00 | $2,040,343.14 |
| 10-14096-CR-MARTINEZ-Gergawattie Seecharan | $0.00 | $9,041,133.46 |

**Restitution is owed jointly and severally by the defendant and co-defendants in the above case.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

BP-A0964
AUG 11
U.S. DEPARTMENT OF JUSTICE

U.S. Case Summary CDFRM

FEDERAL BUREAU OF PRISONS

### PERSONAL DATA

| # | Field |
|---|---|
| 1. | Committed Name: Ravindranaut Roopnarine |
| 2. | Birth Name: Ravindranaut Roopnarine |
| 3. | Federal Register Number: 07902-104 |
| 4. | Current Place of Imprisonment: FCC Beaumont |
| 5. | Security Level: Low |
| 6. | Height: 5'10"     Weight: 220lbs |
| 7. | Date of Birth: 12/20/1959 |
| 8. | Place of Birth: Guyana |
| 9. | Nationality: N/A |
| 10. | Citizenship: Canada |
| 11. | Marital Status/Children: Inmate Roopnarine is common law married to Zabeeda Nasir who resides in Brampton-Ontario, Canada. He has three children who all reside in Canada. Both his parents are alive and live in Toronto, Canada. He has not received a visit since arriving. |
| 12. | Emergency Contact Person, relationship and location: Zabeeda Nasir, Common Law Wife, Brampton-Ontario, Canada |

### SENTENCE DATA SUMMARY

| # | Field |
|---|---|
| 1. | Sentence: 262 months |
| 2. | Date Sentence Imposed: July 14, 2016 |
| 3. | Sentencing District: Southern District of Florida |
| 4. | Criminal Docket Number: 10CR14096-CR-Martinez |
| 5. | Current Offense: Conspiracy to Commit Wire and Mail Fraud, Wire Fraud, and Mail Fraud. |
| 6. | Description of Current Offense: Inmate Ravindranaut Roopnarine was involved in the purchase of homes by straw buyers and the management of those homes in a scheme to defraud lending institutions. Ravindranaut Roopnarine orchestrated the purchase of approximately 181 homes by using about 80 straw buyers. Ravindranaut Roopnarine is responsible for the losses involved in the entire conspiracy which totaled approximately $28,260,845.00 and involved more than 10 but less than 50 victims. |
| 7. | Fine/Assessment/Restitution: Inmate Ravindranaut Roopnarine was ordered to pay a assessment of $300.00 and restitution of $9,041,133.46. |

| | |
|---|---|
| 8. **Prior Record:** | |
| Inmate Ravindranaut Roopnarine no prior convictions. | |
| 9. **Detainers or Pending Charges:** | |
| Inmate Ravindranaut Roopnarine has a immigration and naturalization detainer. | |
| 10. **Statutory Good Time/Good Conduct Time Earned:** ___162___ days. (Compute number of days earned using the application date.) | |
| 11. **Meritorious Good Time Earned:** ___N/A___ days. (Compute number of days earned using the application date.) | |
| 12. **Projected Release Date:** 01-12-2034 | |
| 13. **Full Term Date:** 11-04-2036 | |
| 14. **Credited with** ___555___ **Days of Total Prior Credit Time.** | |

**SOCIAL DATA**

| | |
|---|---|
| 1. **Psychological Evaluation:** | |
| The psychological evaluation indicates that inmate Ravindranaut Roopnarine demonstrates issues with short term memory loss, frequent confusion, and difficulties with cognitive tasks. He is recommended for treatment of early signs of dementia. | |
| 2. **Level of Education Achieved:** | |
| Inmate Ravindranaut Roopnarine completed the eighth grade in Guyana. | |
| 3. **Employment Prior to Incarceration:** | |
| Inmate Ravindranaut Roopnarine has worked in the real estate investment field since 1993. Agent and manager of Casa Del Rio, LLC, agent and manager of Chris N Roop Big Investment, LLC, agent and manager of FLHP-MS, LLC, manager of Vero Lakes New Home Center, LLC, agent and president of Ravitec Toothbrush, Inc, agent and president of Reviworld New Homes Inc., agent and officer of Sunrise New Homes, Inc., agent and manager of Island of Pleasure, LLC, and agent, president, and secretary of South Beach Orlando Vacation Club, Inc. | |
| 4. **History of Substance Abuse: alcohol or drugs?** <br> No: ( ) <br> Yes: ( X ) <br> *If yes, specify substance(s):* <br> Alcohol, marijuana, and prescription medication. | |
| 5. **Current Medical Condition:** | |
| Inmate Ravindranaut Roopnarine suffers from memory loss-neurlolgy and is taking Donspazil, making him a Care Level Three, unstable, complex chronic care inmate. He also suffers from back pain, GI bleeding, hernia, left knee blood, broken nose, and back bone curving. | |
| 6. **Institution Work Experience:** | |
| Inmate Ravindranaut Roopnarine has a work assignment of yard am. | |
| 7. **Type and Number of Incident Reports Received:** | |
| Inmate Ravindranaut Roopnarine has maintained clear conduct since arriving to the low security institution at FCC Beaumont on Aughust 17, 2016. | |
| 8. **Program Participation:** | |
| Inmate Ravindranaut Roopnarine has not enrolled into any education programs since arriving on August 17, 2016. | |

Prepared By:

_M. Kill_ _____ M. Killen (409) 727-8172 Ext. 2440        03/28/2018
Case Manager/Phone Number                                  Date

Reviewed By:

_L. Rivera_ _____ L. Rivera (409) 727-8172 Ext. 2326       03/28/2018
Unit Manager/Phone Number                                  Date

PDF                                    Prescribed by P5140